# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cr-38-JDR

United States of America,

*Plaintiff,*

versus

Jason Lynn,

*Defendant.*

## OPINION AND ORDER

On February 4, 2025, a grand jury returned a single-count indictment charging Jason Lynn with second degree murder in Indian country. Dkt. 17. Mr. Lynn moves to dismiss the indictment on the grounds that it "lacks specificity and is insufficient to put Mr. Lynn on fair notice of the crime charged." Dkt. 35 at 1.[1] Specifically, Mr. Lynn argues that the indictment "does not address how the Government alleges Mr. Lynn acted with 'malice aforethought.'" *Id.* at 4. The Government argues that the indictment passes muster because it recites the statutory elements for second-degree murder. Dkt. 36. But with four possible ways that a defendant can act with malice aforethought, *see United States v. Pearson*, 203 F.3d 1243, 1271 (10th Cir. 2000), the indictment fails to put Mr. Lynn on fair notice of the charges against him. The indictment is therefore insufficient and must be dismissed under Rule 12(b)(3)(B)(iii) of the Federal Rules of Criminal Procedure.

---

[1] All citations utilize CMECF pagination.

No. 25-cr-38

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). It is insufficient to simply recite the statutory language, however, if the statute itself does not adequately state the elements of the offense or if the words of the statute do not "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (internal citation and quotation marks omitted); *see also Dashney*, 117 F.3d at 1205. If a recitation of the statutory elements is insufficient to provide the defendant fair notice of the charges, an indictment that recites only those elements will not pass muster. *Id.*

The Government argues that its indictment survives the motion because it recites the statutory elements set forth in § 1111. *Hamling*, however, requires an indictment to say more to eliminate any "uncertainty or ambiguity" in the statutory language. *Id.* And that is what we have here. The malice aforethought element in § 1111 can be established in one of four ways, none of which are recited in the statutory language. The Government must allege which of the four possible ways that Mr. Lynn committed this offense with "malice aforethought." *See* Pattern Criminal Jury Instructions for the Tenth Circuit, No. 2.53, comment (3d. ed. 2025).

To satisfy the malice aforethought element, the Government must prove that Mr. Lynn: (1) intended to kill without premeditation and deliberation, (2) intended to do serious bodily injury, (3) acted with a depraved heart, or (4) killed while in commission of a felony not otherwise enumerated in § 1111. *Pearson*, 203 F.3d at 1271; *see also* Pattern Criminal Jury Instructions for the Tenth Circuit, No. 2.53, comment. Alleging "malice aforethought," by itself, does not indicate which of the four ways the Government intends to

prove Mr. Lynn acted with malice aforethought. The indictment therefore fails to put him on fair notice of the charges against which he must defend.

We don't have to look far to find authority holding that an indictment that generally alleges "malice aforethought," without more, fails to provide fair notice. Our sister court, the Eastern District of Oklahoma, dealt squarely with this issue less than a year ago. *United States v. Fraser*, 2024 WL 3589758 (E.D. Okla. June 11, 2024). *Fraser* involved, and held to be insufficient, an indictment charging language that is almost identical to the charging language that we have here. *Id.* at *1. Curiously, the Government says nothing in its brief to refute *Fraser*, which was raised and argued in Mr. Lynn's motion.

The Government looks instead to a recent decision from this Court, *United States v. Kirby*, 2024 WL 4906114 (N.D. Okla. Nov. 27, 2024), to save its indictment. *Kirby*, however, will not rescue it. In *Kirby*, the defendant argued the indictment charging her with participating in a criminal conspiracy was insufficient because it did not specifically allege "interdependence" among the co-conspirators. *Id.* The Court found that interdependence was implied by the charging language because the conspirators were alleged to have acted in concert with each other.[2] *Id.* While the defendant in *Kirby* could infer interdependence from the allegation that she had acted in concert with her co-conspirators, there is no way for Mr. Lynn to infer which of the four types of malice aforethought he allegedly engaged in simply from the allegation that some type of malice aforethought occurred. Without alleging one of those four possibilities, Mr. Lynn is left with uncertainty or ambiguity about

---

[2] The Government quotes *Kirby* and makes the Court's point [Dkt. 36 at 3] when it notes that "those elements [for a conspiracy indictment] need not be charged with the same degree of specificity as would ordinarily be required in a prosecution based on *the underlying offense*." *Id.* at 3 (quoting *Kirby*, at *2 (emphasis added)). The Court in *Kirby* was distinguishing between a conspiracy indictment and an indictment charging the underlying offense. The charge at issue in this case *is* the equivalent of the underlying offense that *Kirby* recognized must be alleged with sufficient specificity to avoid ambiguity and uncertainty.

No. 25-cr-38

what the grand jury alleges he did or how the Government intends to prove its case.

Finally, the Government attempts to avoid dismissal by arguing that Mr. Lynn is on notice because "he was charged by a complaint that contained a probable cause affidavit providing additional details of the crime" [Dkt. 36 at 5], and he sat through a preliminary hearing and heard testimony establishing probable cause to support the complaint. *Id.*; *see also* Dkt. 12. This argument does not save the indictment. "An indictment should be tested solely on the basis of the allegations made on its face, and . . . . [c]ourts should refrain from considering evidence outside the indictment when testing its legal sufficiency." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). The charging document here is the indictment, not the complaint. The indictment, as written, doesn't establish which of the four possible ways malice aforethought allegedly occurred; as such, we have no way of knowing what the grand jury considered when it returned its true bill.

IT IS THEREFORE ORDERED that Mr. Lynn's motion to dismiss the indictment [Dkt. 35] is granted, and the indictment [Dkt. 17] is dismissed without prejudice.

DATED this 4th day of June 2025.

JOHN D. RUSSELL
*United States District Judge*